IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

v.                                                        19-CR-41-V

DERRIUS CUNNINGHAM a/k/a Baby,

Defendant.

## PLEA AGREEMENT

The defendant, DERRIUS CUNNINGHAM a/k/a Baby, and the United States Attorney for the Western District of New York (hereinafter "the government") hereby enter into a plea agreement with the terms and conditions as set out below.

## I.      THE PLEA AND POSSIBLE SENTENCE

1.      The defendant agrees to plead guilty to Count 1 of the Indictment which charges a violation of Title 21, United States Code, Section 846 (possession with intent to distribute 5 kilograms or more of cocaine), for which the mandatory minimum term of imprisonment is 10 years and the maximum possible sentence is a term of imprisonment of life, a fine of $10,000,000, a mandatory $100 special assessment, and a term of supervised release of at least 5 years and up to life. The defendant understands that the penalties set forth in this paragraph are the minimum and maximum penalties that can be imposed by the Court at sentencing.

2.      The defendant understands that, if it is determined that the defendant has violated any of the terms or conditions of supervised release, the defendant may be required

to serve in prison all or part of the term of supervised release, up to 5 years, without credit for time previously served on supervised release.

## II.    ELEMENTS AND FACTUAL BASIS

3.    The defendant understands the nature of the offense set forth in ¶ 1 of this agreement and understands that if this case proceeded to trial, the government would be required to prove beyond a reasonable doubt the following elements of the crime:

a.    An agreement existed between two or more persons to commit a controlled substance felony offense;

b.    The defendant knew of the existence of the agreement;

c.    The defendant intended to participate in the unlawful agreement; and

d.    At least 5 kilograms of cocaine was reasonably foreseeable to the defendant as being within the scope of the agreement.

## FACTUAL BASIS

4.    The defendant and the government agree to the following facts, which form the basis for the entry of the plea of guilty including relevant conduct:

a.    The defendant, Derrius Cunningham a/k/a Baby, did knowingly, willfully, and unlawfully combine, conspire and agree with others, known and unknown, to possess with intent to distribute and to distribute 5 kilograms or more of a mixture and substance containing cocaine, a Schedule II controlled substance.

b.    During the conspiracy, the defendant supplied a confidential source ("CS") with nine (9) ounces of cocaine at least once per month for the CS to redistribute between 2017 and February 19, 2019. The CS's relationship with the defendant began no later than 2017, and the drug amount referenced herein is a conservative estimate of the amount of cocaine and time-period within which defendant Cunningham supplied the CS. The defendant also sometimes fronted the CS cocaine and the CS made repayments to the defendant once the CS sold off the cocaine to the CS's own customer base.

2

c. On or about November 28, 2018, the CS was discovered to be in possession of approximately 9 ounces of cocaine that the CS received from the defendant. The defendant fronted this cocaine to the CS, who still owed the defendant approximately $11,000 for the fronted cocaine and another $600 for a different drug debt. The narcotics were tested at the DEA Northeast Laboratory and confirmed to contain 245.9 grams of cocaine.

d. Utilizing the CS, on December 7, 2018, the DEA conducted a controlled repayment of funds to the defendant for the cost of the cocaine that was seized from the CS. The DEA provided the CS $5,500 in official advanced funds ("OAF") for the CS to partially pay off the CS's cocaine debt to the defendant. The CS arrived at the defendant's residence of 304 Moselle Street, Buffalo, NY and provided the defendant with the $5,500.

e. Again utilizing the CS, on December 12, 2018, the DEA conducted a controlled repayment of funds to the defendant for the remaining $6,100. The CS again went to the defendant's residence at 304 Moselle Street, Buffalo, NY. The CS provided the defendant $6,100 OAF to pay of the CS's drug debt.

f. On December 13, 2018, the DEA conducted another controlled drug-related operation. Working with the DEA, the CS placed an order with the defendant for approximately 9 ounces of cocaine. The CS met the defendant inside of a vehicle at the defendant's 304 Moselle Street residence. The defendant fronted the CS approximately 9 ounces of cocaine with the understanding that the CS would repay the defendant $11,000 at a later date. The narcotics were tested at the DEA Northeast Laboratory and confirmed to contain 249.7 grams of cocaine.

g. Utilizing the CS, on December 26, 2018, the DEA conducted a controlled repayment of funds to the defendant for the cost of the cocaine that was received on December 13, 2018. The DEA provided the CS $5,500 OAF for the CS to partially pay off the CS's debt to the defendant. The CS arranged to make the partial debt payment at the defendant's residence of 304 Moselle Street, Buffalo, NY; however, the defendant changed the location to the defendant's restaurant, Jeoni's Wing Stop, at 1085 East Ferry Street, Buffalo, NY. The CS entered the restaurant, met the defendant, and repaid him $5,500 OAF.

h. Again utilizing the CS, on January 10, 2019, the DEA conducted a controlled repayment of funds to the defendant for the remaining $5,500 owed from the December 13, 2018, drug transaction. The CS met the defendant in a vehicle at the defendant's residence at 304 Moselle Street. The CS provided the defendant $5,500 OAF to pay of the CS's drug debt.

3

i. On February 20, 2019, multiple search warrants were executed, including at the defendant's residence at 304 Moselle Street, Buffalo, NY. Inside the residence the DEA recovered approximately $75,601. On the same morning, the defendant was arrested in a casino hotel room and approximately $10,000 was recovered from the room.

j. At least 5 kilograms, but less than 15 kilograms of cocaine, is the amount involved in the defendant's relevant conduct encompassed in Count 1 of the Indictment which could be readily proven by the government against the defendant.

### III. SENTENCING GUIDELINES

5. The defendant understands that the Court must consider but is not bound by the Sentencing Guidelines (Sentencing Reform Act of 1984).

### BASE OFFENSE LEVEL

6. The government and the defendant agree that Guidelines §§ 2D1.1(a)(5) and 2D1.1(c)(5) apply to the offense of conviction and provides for a base offense level of **30**.

### SPECIFIC OFFENSE CHARACTERISTICS
### U.S.S.G. CHAPTER 2 ADJUSTMENTS

7. The government and the defendant agree that the following specific offense characteristics does apply:

a. the two level increase pursuant to Guidelines § 2D1.1(b)(12) (maintaining premises to manufacture or distribute a controlled substance).

### ADJUSTED OFFENSE LEVEL

8. Based on the foregoing, it is the understanding of the government and the defendant that the adjusted offense level for the offense of conviction is **32**.

4

## ACCEPTANCE OF RESPONSIBILITY

9.      At sentencing, the government agrees not to oppose the recommendation that the Court apply the two (2) level downward adjustment of Guidelines § 3E1.1(a) (acceptance of responsibility) and further agrees to move the Court to apply the additional one (1) level downward adjustment of Guidelines § 3E1.1(b), which would result in a total offense level of **29**.

## CRIMINAL HISTORY CATEGORY

10.      It is the understanding of the government and the defendant that the defendant's criminal history category is **III**. The defendant understands that if the defendant is sentenced for, or convicted of, any other charges prior to sentencing in this action the defendant's criminal history category may increase. The defendant understands that the defendant has no right to withdraw the plea of guilty based on the Court's determination of the defendant's criminal history category.

## GUIDELINES' APPLICATION, CALCULATIONS AND IMPACT

11.      It is the understanding of the government and the defendant that, with a total offense level of **29** and criminal history category of **III**, and taking into account the applicable statutory minimum penalties, the defendant's sentencing range would be a term of imprisonment of **120 to 135** months, a fine of **$30,000 to $10,000,000**, and a period of supervised release of **4 to 5** years. Notwithstanding this, the defendant understands that at sentencing the defendant is subject to the minimum and maximum penalties set forth in ¶ 1 of this agreement.

5

12.    The government and the defendant agree to the Sentencing Guidelines calculations set forth in this agreement and neither party will advocate or recommend the application of any other Guideline, or move for any Guidelines departure, or move for or recommend a sentence outside the Guidelines, except as specifically set forth in this agreement. A breach of this paragraph by one party will relieve the other party of any agreements made in this plea agreement with respect to sentencing motions and recommendations. A breach of this paragraph by the defendant shall also relieve the government from any agreements to dismiss or not pursue additional charges.

13.    The defendant understands that the Court is not bound to accept any Sentencing Guidelines calculations set forth in this agreement and the defendant will not be entitled to withdraw the plea of guilty based on the sentence imposed by the Court.

## IV.    STATUTE OF LIMITATIONS

14.    In the event the defendant's plea of guilty is withdrawn, or conviction vacated, either pre- or post-sentence, by way of appeal, motion, post-conviction proceeding, collateral attack or otherwise, the defendant agrees that any charges dismissed pursuant to this agreement shall be automatically reinstated upon motion of the government and further agrees not to assert the statute of limitations as a defense to any federal criminal offense which is not time barred as of the date of this agreement. This waiver shall be effective for a period of six months following the date upon which the withdrawal of the guilty plea or vacating of the conviction becomes final.

## V.    REMOVAL

15.    The defendant understands that, if convicted, a defendant who is not a citizen of the United States may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

## VI.    GOVERNMENT RIGHTS AND RESERVATIONS

16.    The defendant understands that the government has reserved the right to:

a.    provide to the Probation Office and the Court all the information and evidence in its possession that the government deems relevant concerning the defendant's background, character and involvement in the offense charged, the circumstances surrounding the charge and the defendant's criminal history;

b.    respond at sentencing to any statements made by the defendant or on the defendant's behalf that are inconsistent with the information and evidence available to the government;

c.    advocate for a specific sentence consistent with the terms of this agreement including the amount of restitution and/or a fine and the method of payment; and

d.    modify its position with respect to any sentencing recommendation or sentencing factor under the Guidelines including criminal history category, in the event that subsequent to this agreement the government receives previously unknown information, including conduct and statements by the defendant subsequent to this agreement, regarding the recommendation or factor.

17.    At sentencing, the government will move to dismiss the open counts of the Indictment in this action.

18.    The defendant agrees that any financial records and information provided by the defendant to the Probation Office, before or after sentencing, may be disclosed to the United States Attorney's Office for use in the collection of any unpaid financial obligation.

7

## VII.   APPEAL RIGHTS

19.   The defendant understands that Title 18, United States Code, Section 3742 affords a defendant a limited right to appeal the sentence imposed. The defendant, however, knowingly waives the right to appeal and collaterally attack any component of a sentence imposed by the Court which falls within or is less than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 11, above, notwithstanding the manner in which the Court determines the sentence. In the event of an appeal of the defendant's sentence by the government, the defendant reserves the right to argue the correctness of the defendant's sentence.

20.   The defendant understands that by agreeing not to collaterally attack the sentence, the defendant is waiving the right to challenge the sentence in the event that in the future the defendant becomes aware of previously unknown facts or a change in the law which the defendant believes would justify a decrease in the defendant's sentence.

21.   The government waives its right to appeal any component of a sentence imposed by the Court which falls within or is greater than the sentencing range for imprisonment, a fine and supervised release set forth in Section III, ¶ 11, above, notwithstanding the manner in which the Court determines the sentence. However, in the event of an appeal from the defendant's sentence by the defendant, the government reserves its right to argue the correctness of the defendant's sentence.

## VIII.   FORFEITURE PROVISIONS

### FIRST FORFEITURE PROVISION
(Monetary Judgment)

22.     Prior to or immediately after the entry of a plea of guilty, the defendant agrees to make full and complete disclosure of all assets the defendant owns, whether in the defendant's name or the names of others, which the defendant possesses and/or over which the defendant exercises control. Further, the defendant agrees to disclose any property obtained as a result of the criminal activity that is the basis of this agreement and disclose who owns such property at this time and the circumstances under which such property was obtained. The defendant agrees to authorize the release of all financial information requested by the United States, including, but not limited to, executing authorization forms for the United States to obtain tax information, bank account records, credit history, and social security information. The defendant also agrees to submit to a polygraph examination conducted by an examiner selected by the U.S. Attorney's Office on the issue of the defendant's financial disclosures and assets, if deemed necessary by the U.S. Attorney's Office. Further, as of the date of this agreement, the defendant agrees not to transfer, secrete or otherwise dissipate any assets the defendant owns, possesses or over which the defendant exercises control without the permission of the government. In addition, the defendant promises that the defendant will make no such transfers in excess of $1,000 prior to sentencing.

23.     As a condition of the plea, the defendant agrees to the immediate criminal forfeiture of the following property pursuant to Title 21, United States Code, Section 853:

9

**MONETARY JUDGMENT:**

The sum of four hundred and fifty thousand dollars ($450,000.00) United States currency, to be evidenced by a judgment issued by this Court against the defendant. Said judgment will be referenced in the PRELIMINARY ORDER OF FORFEITURE and will provide for interest to accrue at the prevailing rate per annum and serve as a lien against the defendant's property, wherever situated, until fully satisfied.

24. The defendant also agrees that the property listed above is properly forfeitable to the United States pursuant to Title 21, United States Code, Section 853(a)(1), 853(a)(2) and based upon the acts of the defendant, it is no longer available for forfeiture pursuant to the provisions of 21 U.S.C. § 853(p) and thus the United States has the right to seek forfeiture of substitute assets of the defendant. The defendant further agrees to fully assist the government in the identification and recover of any property subject to forfeiture, or of any property found by the government or surrendered by the defendant to satisfy such judgment and to take whatever steps are necessary to pass clear title to the United States, including, but not limited to surrender of title and execution of any documents necessary to transfer the defendant's interest in any of property found to satisfy the judgment to the United States, as deemed necessary by the government.

25. The defendant understands and agrees that the Court, at the time of sentencing, will order a forfeiture money judgment which is due and payable in full immediately and subject to immediate enforcement by the United States. The defendant agrees that any funds and assets in which the defendant has an interest, which have been seized or restrained by the government or law enforcement as part of the investigation underlying this plea agreement, will be used to offset any forfeiture money judgment imposed pursuant to this plea agreement,

10

or to satisfy any debts owed by the defendant to the United States and/or agencies thereof. To the extent that the defendant has an interest, the defendant authorizes the District Court Clerk to release any funds posted as security for the defendant's appearance bond in this case, which funds shall be applied to satisfy the criminal forfeiture judgment.

26.    After the acceptance of the defendant's guilty plea, and pursuant to Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the Court will issue a Preliminary and Final Order for the property listed above. The defendant hereby waives any right to notice of such Order of Forfeiture. The defendant further consents and agrees that the Preliminary Order and Final Order shall issue and become final as to the defendant prior to sentencing and agrees that it shall be made part of the defendant's sentence and included in the judgment pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure. The defendant further agrees to waive any time restrictions or requirements as provided in Title 18, United States Code, Section 983, any notice provisions in Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant acknowledges that the defendant understands that the forfeiture of property is part of the sentence that may be imposed in this case and waives any failure by the Court to advise the defendant of this, pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure, at the time the guilty plea is accepted. Forfeiture of the defendant's property shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the defendant in addition to forfeiture.

27.     The defendant knowingly, intelligently, and voluntarily waives his right to a jury trial on the forfeiture of the property. The defendant knowingly, intelligently, and voluntarily waives all constitutional, legal and equitable defenses to the forfeiture of the property in any proceeding, including any jeopardy defense or claim of double jeopardy, whether constitutional or statutory, as to this criminal proceeding or any related civil or administrative proceeding. The defendant further agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine regarding the forfeiture of assets by the United States.

## SECOND FORFEITURE PROVISION
### (Vehicles and Currency)

28.     As a condition of the plea, the defendant acknowledges that a civil forfeiture action, U.S. –v- $75,601.00 et. al., Court No. 19-CV-934, was filed against the following property pursuant to 21 U.S.C. § 881:

   a.     $75,601.00 UNITED STATES CURRENCY,

   b.     $12,053.00 UNITED STATES CURRENCY,

   c.     ONE 2004 HUMMER H2, VIN:  5GRGN23U44H114888,

   d.     ONE 2006 JEEP GRAND CHEROKEE SRT, VIN:
          1J8HR78346C300141,

          e.   ONE 2010 CHEVROLET CAMARO SS
   f.     VIN:  2G1FK1EJ2A9184370, and

   g.     65" LG SMART LED TELEVISION, MODEL OLED65C8PUA.

29.     As a condition of this plea, the defendant acknowledges that, as part of the civil judicial forfeiture action, the defendant will forfeit the following property:

    a. $75,601 United States Currency,

    b. One 2004 Hummer H2, VIN: 5GRGN23U44H114888, and

    c. One 2006 Jeep Grand Cherokee SRT, VIN: 1J8HR78346C300141.

Terms of the forfeiture of property will be detailed in a Settlement and Forfeiture Agreement.

30. The defendant agrees that the above-described property is subject to forfeiture and waives any and all statutory and constitutional rights, including but not limited to time restrictions and notice provisions with respect to the final disposition or forfeiture of the above property.

31. The government acknowledges that it will return $12,053.00 United States Currency to defendant's girlfriend who is a claimant in the civil judicial forfeiture case; and to return a 2010 Chevrolet Camaro SS VIN: 2G1FK1EJ2A9184370 and a 65" LG SMART LED Television, Model OLED65C8PUA to defendant. Terms of the return of property will be detailed in a Settlement and Forfeiture Agreement. Those properties may be subject to substitute property proceedings as referenced in the criminal forfeiture provision.

32. The parties in the civil judicial forfeiture action will enter into a civil settlement and forfeiture agreement prior to or at any plea hearing in this case.

33. The defendant understands that the United States and any law enforcement agency acting on behalf of the United States may, in its discretion, destroy any or all of the forfeited property referred to in this agreement.

13

34.     The defendant agrees that in the event this plea agreement is voided for any reason, the agreement for civil forfeiture of the property above survives and shall be given full force and effect.

## IX.     TOTAL AGREEMENT AND AFFIRMATIONS

35.     This plea agreement represents the total agreement between the defendant, DERRIUS CUNNINGHAM, and the government. There are no promises made by anyone other than those contained in this agreement. This agreement supersedes any other prior agreements, written or oral, entered into between the government and the defendant.

JAMES P. KENNEDY, JR.
United States Attorney
Western District of New York

BY:     _____
CHARLES J. VOLKERT, JR.
Assistant United States Attorney

Dated: November 7, 2019

14

I have read this agreement, which consists of pages 1 through 15. I have had a full opportunity to discuss this agreement with my attorney, Paul Dell, Esq. I agree that it represents the total agreement reached between myself and the government. No promises or representations have been made to me other than what is contained in this agreement. I understand all of the consequences of my plea of guilty. I fully agree with the contents of this agreement. I am signing this agreement voluntarily and of my own free will.

DERRIUS CUNNINGHAM
Defendant

Dated: November __7__, 2019

PAUL DELL, ESQ.
Attorney for the Defendant

Dated: November __7__, 2019

15